**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION**

| | |
|---|---|
| RHONDA BOWER, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　Plaintiff,<br>　vs.<br><br>GATESTONE & CO. INTERNATIONAL INC.,<br><br>　　　　　Defendant. | Case No.: 16-cv-1271<br><br>**CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

## INTRODUCTION

1.  This class action seeks redress for collection practices that violate the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (the "FDCPA"), and the Wisconsin Consumer Act, chapter 427, Wisconsin Statutes (the "WCA").

## JURISDICTION AND VENUE

2.  The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331, 1337 and 1367. Venue in this District is proper in that Defendant directed its collection efforts into the District.

## PARTIES

3.  Plaintiff Rhonda Bower is an individual who resides in the Eastern District of Wisconsin (Milwaukee County).

4.  Plaintiff is a "consumer" as defined in the FDCPA, 15 U.S.C. § 1692a(3), in that Defendant sought to collect from Plaintiff a debt allegedly incurred for personal, family or household purposes, specifically, a consumer credit card.

5. Plaintiff is also a "customer" as defined in the Wisconsin Consumer Act, Wis. Stat. § 421.301(17), in that the alleged debt allegedly arose from consumer transaction that included agreements to defer payment, namely a consumer credit card.

6. Defendant Gatestone & Co. International Inc. ("Gatestone") is a foreign corporation with its principal place of business located at 1000 N. West St., Suite 1200, Wilmington, DE 19801.

7. Gatestone is engaged in the business of a collection agency, using the mails and telephone to collect consumer debts originally owed to others.

8. Gatestone is engaged in the business of collecting debts owed to others and incurred for personal, family or household purposes. Gatestone is a debt collector as defined in 15 U.S.C. § 1692a and Wis. Stat. § 427.103(3).

**FACTS**

9. On or about September 9, 2016, Plaintiff received a debt collection letter from Gatestone. A copy of this letter is attached to this complaint as Exhibit A.

10. Upon information and belief, Exhibit A is a form letter, generated by computer, and with the information specific to Plaintiff inserted by computer.

11. The letter Defendant sent to Plaintiff (Exhibit A) includes the text: "This collection agency is licensed by the Division of Banking in the Wisconsin Department of Financial Institutional, www.wdfi.org."

12. The above language on a collection letter is a representation that the debt collector holds a Wisconsin Collection Agency License, pursuant to Wis. Stat. § 218.04 and Wis. Admin. Code § DFI-Bkg. 74.

13. Gatestone does not, in fact, hold a Wisconsin Collection Agency License.

2

14. Gatestone is not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency.

15. Gatestone was not licensed by the Office of the Administrator of the Division of Banking or any other Wisconsin governmental agency at the time Exhibit A was sent to Plaintiff.

16. Gatestone is not listed on the Division of Banking's website that lists all collection agencies that currently hold a Wisconsin collection agency license. http://www.wdfi.org/fi/lfs/licensee_lists/Default.asp?Browse=CA (visited September 20, 2016).

17. A representative of the Division of Banking confirmed to Plaintiff's counsel over the telephone that Gatestone did not hold a Wisconsin collection agency license on the date that Exhibit A was mailed.

18. A false statement about a debt collector's licensing status is a material false statement. "It suggests that [the debt collector] has been approved by the state, thereby enhancing in the mind of the unsophisticated consumer [the debt collector's] legitimacy and power to collect the debt." *Radaj v. ARS Nat. Services, Inc.*, No. 05 C 773, 2006 U.S. Dist. LEXIS 68883 at *10; 2006 WL 2620394 at *3 (E.D. Wis. Sep. 12, 2006); *Seeger v. Aid Assocs.*, 2007 U.S. Dist. LEXIS 22824 at *13, 2007 WL 1029528 (E.D. Wis. Mar. 29, 2007) ("this court believes that the false statement used by Plaza that it was licensed by the state of Wisconsin, is precisely the kind of misrepresentation that Congress sought to prohibit when it passed the FDCPA.").

19. Plaintiff was confused by Exhibit A.

20. Plaintiff had to spend time and money investigating Exhibit A, and the consequences of any potential responses to Exhibit A.

21. Plaintiff had to take time to obtain and meet with counsel, including traveling to counsel's office by car and its related expenses, including but not limited to the cost of gasoline and mileage, to advise Plaintiff on the consequences of Exhibit A.

3

22. Moreover, Congress has explicitly described the FDCPA as regulating "abusive practices" in debt collection. 15 U.S.C. §§ 1692(a) – 1692(e). Any person who receives a debt collection letter containing a violation of the FDCPA is a victim of abusive practices. *See* 15 U.S.C. §§ 1692(e) ("It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses").

## COUNT I – FDCPA

23. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

24. Exhibit A falsely states that: "This collection agency is licensed by the Division of Banking" for the State of Wisconsin.

25. 15 U.S.C. § 1692e generally prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

26. 15 U.S.C. § 1692e(1) specifically prohibits the false representation that "the debt collector is vouched for, bonded by, or affiliated with the United States or any State, including the use of any badge, uniform, or facsimile thereof."

27. 15 U.S.C. § 1692e(9) specifically prohibits "the use or distribution of any written communication which simulates or is falsely represented to be a document authorized, issued, or approved by any court, official, or agency of the United States or any State, or which creates a false impression as to its source, authorization, or approval."

28. Defendant violated 15 U.S.C. §§ 1692e, 1692e(1) and 1692e(9) by falsely informing consumers that Gatestone was licensed by the State of Wisconsin's Division of Banking.

4

## COUNT II – WCA

29. Plaintiff incorporates by reference as if fully set forth herein the allegations contained in the preceding paragraphs of this Complaint.

30. The alleged underlying transaction, i.e. consumer credit card, were consumer credit transactions or consumer transactions with an agreement to defer payment.

31. Wis. Stat. § 427.104(1)(k) specifically prohibits a debt collector from using "a communication which simulates legal or judicial process or which gives the appearance of being authorized, issued or approved by a government, governmental agency or attorney−at−law when it is not."

32. By using a letter which falsely represented Gatestone's licensing status in <u>Exhibit A</u>, Defendant used a communication which gave the appearance of being authorized or approved by a governmental agency (the Division of Banking).

33. Defendant violated Wis. Stat. § 427.104(1)(k).

## CLASS ALLEGATIONS

34. Plaintiff brings this action on behalf of a Class, consisting of (a) all natural persons in the State of Wisconsin (b) who were sent a collection letter by Gatestone, (c) stating that Gatestone is licensed by the Division of Banking in Wisconsin, (d) seeking to collect a debt for personal, family or household purposes, (e) on or after September 22, 2015, (f) that was not returned by the postal service.

35. The Class is so numerous that joinder is impracticable. Upon information and belief, there are more than 50 members of the Class.

36. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common question is whether <u>Exhibit A</u> violates the FDCPA and/or the WCA.

37. Plaintiff's claims are typical of the claims of the Class members. All are based on the same factual and legal theories.

38. Plaintiff will fairly and adequately represent the interests of the Class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

39. A class action is superior to other alternative methods of adjudicating this dispute. Individual cases are not economically feasible.

## JURY DEMAND

40. Plaintiff hereby demands a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

(a) actual damages;

(b) statutory damages;

(c) attorneys' fees, litigation expenses and costs of suit; and

(d) such other or further relief as the Court deems proper.

Dated: September 22, 2016.

**ADEMI & O'REILLY, LLP**

By: /s/ John D. Blythin
Shpetim Ademi (SBN 1026973)
John D. Blythin (SBN 1046105)
Mark A. Eldridge (SBN 1089944)
Denise L. Morris (SBN 1097911)

6

Case 2:16-cv-01271-NJ   Filed 09/22/16   Page 6 of 7   Document 1

3620 East Layton Avenue
Cudahy, WI 53110
(414) 482-8000
(414) 482-8001 (fax)
sademi@ademilaw.com
jblythin@ademilaw.com
meldridge@ademilaw.com
dmorris@ademilaw.com